*584
 
 Williams, J.
 

 All the questions that were decided in the companion case of
 
 Roller
 
 v.
 
 Patrick et al., Bd. of Edn.,
 
 ante, 572, are presented in the instant case. As to the questions common to both cases the issues and evidence are in the main identical. Any minor variations that exist do not affect the problems presented. There remain undetermined all questions arising out of the withdrawal of accumulated contributions from the Teachers’ Savings Fund and the incidental question of
 
 res judicata.
 
 These questions were not in the
 
 Boiler case.
 

 With respect to such withdrawal counsel for defendants states his position in these words:
 

 “The Board does not contend that the mere fact that the teacher withdrew all funds owing to her by the retirement system constituted any bar or defense. It is on the other hand claimed that upon a consideration of the written statements which she made to the retirement system and the written statements procured by her from the board, which were forwarded to the retirement system, amounted in law to either a resignation as a teacher or estops her from claiming that her continuing contract, awarded to her in the mandamus action, was in force and effect after such statements were procured and submitted to the retirement system. ’ ’
 

 Counsel for plaintiff could well counter, as they did in substance, by saying that the teacher could not resign until she had a contract or be estopped by conduct that did not mislead the board of education to its harm or disadvantage. Yet, if the judgment in the mandamus proceeding is
 
 res
 
 judicata, the court does not reach the question of resignation or estoppel. It is the part of judicial wisdom not to decide unessential legal questions. So let us pass on to the issue of
 
 res judicata.
 

 The contention of counsel for defendants, respecting
 
 *585
 
 the application of the doctrine of
 
 res
 
 judicata, is that the only question before the court in the mandamus case was the teacher’s status as of September 2,1941. The supporting argument advanced is that anything the teacher did after that date could not in any way affect her right to a continuing contract and, therefore, what was stated in' the application for the withdrawal of accumulated contributions was immaterial and irrelevant upon the issue as to whether a writ of mandamus should be granted.
 

 The prime reason for not acceding to the contention is that it runs counter to the case of
 
 State, ex rel. Ford,
 
 v.
 
 Board of Education,
 
 141 Ohio St., 124, 47 N. E. (2d), 223, 145 A. L. R., 1075. In that case the teacher accepted a contract for the balance of the school year 1941-1942 and at the same time tendered her resignation effective at the end of that year. The board of education accepted the resignation. We quote from the opinion at page 127:
 

 ‘ ‘When relatrix accepted without protest the limited contract of September 29, 1941, and likewise tendered her resignation, she covenanted with the respondent board that her services as a teacher would finally end, so far as the board was concerned, on June 20, 1942, and she should be bound by such conduct.
 

 “Instead of demanding a continuing contract and standing on such demand, relatrix deliberately pursued another course, the effect of which was to relieve the board of education from tendering the continuing contract provided by statute.”
 

 In the mandamus case involved herein the court had before it the question whether the relatrix should be awarded a writ for a limited contract ending with the withdrawal of accumulated contributions or a writ for a continuing contract without limit as to time but subject to discontinuance as provided by statute. The court adjudged that the relatrix was entitled to a con-
 
 *586
 
 tinning contract as of September 2,1941, and the judgment, awarding accordingly a writ of mandamus, is
 
 res judicata.
 
 Therefore plaintiff’s right to recover salary would not be affected by the application for withdrawal and the refund of the' money.
 

 It follows from what has been said that the pronouncements in the
 
 Boiler case, supra,
 
 control the rights of the parties in the instant case.
 

 The Court of Common Pleas committed prejudicial error in rendering a declaratory judgment and in failing to fix the amount of salary to which plaintiff was entitled, and render judgment in her favor therefor less what she had earned by teaching elsewhere, and the Court of Appeals committed prejudicial error in modifying and affirming as modified the judgment of the trial court.
 

 For such errors the judgments of the courts below are reversed and the cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Zimmerman, Bell and Hart, JJ., concur.
 

 Matthias, J., not participating.