THE STATE, EX REL. DIETRICH INDUSTRIES, INC., APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Dietrich Industries, Inc., *v.* Indus. Comm. (1988),
35 Ohio St. 3d 183.]

(No. 86-1970—Decided February 24, 1988.)

184

*Schottenstein, Zox & Dunn, Felix C. Wade, Reed, Smith, Shaw & McClay* and *Walter G. Bleil,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Jeffery W. Clark,* for appellee Industrial Commission.

*Gallon, Kalniz & Iorio, Co., L.P.A.,* and *William R. Menacher,* for appellee Daniel Bernal.

*Per Curiam.* The first issue before this court concerns the scope of the appellate court's December 22, 1983 opinion granting appellee a writ of mandamus. Appellant submits that the appellate court's writ of mandamus directed the Industrial Commission to first consider whether a violation of Ohio Adm. Code 4121:1-5-11(D)(13)(a) had occurred and, if a violation did exist, to find whether such violation was the proximate cause of appellee's injury.

A careful review of the appellate court's opinion does not support this construction. The issue before the appellate court was whether the Industrial Commission abused its discretion by denying appellee's VSSR application for failing to cite a specific safety requirement which was violated. The appellate court concluded that the guard which existed at the time of the accident did not comply with the specific safety requirements of Ohio Adm. Code. 4121:1-5-11(D)(13)(a).

Based on this finding, the appellate court granted a writ of mandamus, directing the commission "'* * * to determine whether there was a causal relationship between the absence of proper guards and relator's injury." The appellate court further instructed the commission that "[i]f there is such a relationship, the amount of the award shall thereafter be determined." The appellate court's journal entry of judgment rendered December 28, 1985 restated this directive.

Clearly, the appellate court's issuance of a writ of mandamus in this case was based upon its finding that the employer had violated a specific safety requirement. Appellant could have contested this factual finding in an appeal to this court. However, appellant did not avail itself of this remedy. A judgment rendered in a mandamus action may operate as *res judicata* in a subsequent action which seeks to relitigate the issues decided in the mandamus action. *Garrison* v. *Patrick* (1945), 145 Ohio St. 580, 31 O.O. 211, 62 N.E. 2d 371. Hence, appellant is precluded from attempting to relitigate this issue in the present action.

In its next proposition of law, appellant contends that there is no evidence in the record to support the commission's judgment as to causation.

The commission's finding of causation was based on the affidavits of employees of appellant, and on the fact that the guard did not prevent appellee's hand from entering the danger zone where the blades were exposed to contact.

Ohio Adm. Code 4121:1-5-11(D)(13)(a) requires that all power driven knives be guarded where the knife is exposed to contact, except for the necessary working portion of the blade while it is being used. The affidavits of David V. Sidenbender, a foreman for Dietrich Industries, and Rudolfo J. Garcia, an employee for Dietrich Industries, establish that the guard on the machine at the time of the injury left exposed at least two inches of the bottom of the knives. These affidavits together with the affidavit of Daniel Bernal constitute evidence that the amount of exposure of the knives was in excess of that necessary to cut the sheet metal which appellee was feeding

into the machine when the accident occurred. We find that there is some evidence to support the Industrial Commission's decision.

For the reasons set forth in this opinion, we hereby affirm the judgment of the court of appeals which denied the requested writ of mandamus.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., not participating.