[Cite as *Lanzalaco v. Lanzalaco*, 2012-Ohio-4053.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97767**

---

## GINA DIANNA LANZALACO, ET AL.

PLAINTIFFS-APPELLEES

vs.

## RAFFAELA LANZALACO, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729841

**BEFORE:** Cooney, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 6, 2012

[Cite as *Lanzalaco v. Lanzalaco*, 2012-Ohio-4053.]

**ATTORNEY FOR APPELLANT**

Lester S. Potash
55 Public Square
Suite 1717
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Gina D. Lanzalaco, et al.**

Stephen McGowan
19211 West Brooke Lane
Strongsville, Ohio 44149

**For Anthony Zaccardelli**

David M. Santoli
8251 Mayfield Road
Suite 210
Chesterland, Ohio 44026

COLLEEN CONWAY COONEY, P.J.:

{¶1} Defendant-appellant, Raffaela Lanzalaco ("Raffaela"), appeals the trial court's judgment against her on plaintiffs-appellees, Gina Lanzalaco ("Gina"), Daniel A. Lanzalaco ("Daniel A."), and Daniel M. Lanzalaco's ("Daniel M." or "father") (collectively "appellees"), claims for conversion, punitive damages, and attorney fees. We find merit to the appeal and reverse.

{¶2} Raffaela and Daniel M. are Gina and Daniel A.'s parents. Gina and Daniel A. have lived primarily with father since their parents' separation in 2005. Gina Divito ("Divito") died testate on April 12, 2008. In accordance with her will, the probate court appointed Raffaela the executor of the estate. Divito's will also named Raffaela and her sister, Pasqualina Tekaucic ("Tekaucic"), the sole beneficiaries of the estate. Father, on behalf of the children, intervened in Divito's probate case, alleging that Raffaela had misappropriated the children's funds from Divito's Charter One Account No. 3694 ("Account No. 3694"). Account No. 3694 was a payable-on-death ("POD") account that named Gina and Daniel A. as the POD beneficiaries. Their complaint in the probate court alleged:

> 8. The complainants were the paid on death beneficiaries on Charter One certificate of deposit account no. * * * 369-4.
>
> 9. On or about March 27, 2008, Raffaela Lanzalaco fraudulently converted the funds in that account to her own use by using a

Power of Attorney allegedly executed by Gina Divito, without legal authority or privilege to do so.
* * *

12. The conversion of these funds was initiated and instigated by the misconduct of Raffaela Lanzalaco.

* * *

14. At the time of the conversion of these funds, the noted account had approximately $50,000.00 on deposit.

15. The complainants are entitled to the proceeds of that Charter One account.

**{¶3}** In their prayer for relief, appellees requested that the probate court "determine the validity of the transfers of funds from the name of Gina Divito, under the Power of Attorney as presented to Charter One by Raffaela Lanzalaco." They also requested that the court "order that punitive damages be awarded to the complainants in an amount in excess of $25,000 against Raffaela Lanzalaco."

**{¶4}** In December 2009, the parties reached a settlement in which Raffaela agreed to pay $25,000 to each of the children. Other parties also settled claims against Raffaela in the probate court. Appellees' settlement agreement stated that it applied to "issues which are in dispute in the Probate Court of Cuyahoga County." The formal dismissal entry was journalized on December 17, 2009.

{¶5} In June 2010, appellees filed the complaint in the instant case in common pleas court. The complaint alleged two counts of fraud and conversion, and one count of breach of fiduciary duty. Count 1 alleged that Raffaela fraudulently converted the funds from Divito's Account No. 3694 to another account for her own benefit ("Account No. 1322"). Count 2 alleged that she fraudulently converted federal savings bonds for her own benefit by misrepresenting that she was the custodial parent of Gina and Daniel A., who were the named beneficiaries on the bonds. Count 3 alleged that Raffaela breached a fiduciary duty she owed to her children.

{¶6} Raffaela filed a motion to transfer venue back to the probate court. In her motion, Raffaela explained:

> [T]he suit that was filed on June 21, 2010 is not the first lawsuit filed by these very same Plaintiffs against these very same Defendants involving the very same bank account and allegations of malfeasance.
>
> On July 23, 2009, the Plaintiffs filed a Motion to Intervene in an adversary proceeding then pending in the Cuyahoga County Probate Court as Case No. 2008 ADV 0142143. The Motion to Intervene was accompanied by a Complaint for Declaratory Judgment, Money Damages, Attorney Fees and Other Relief. The Plaintiffs' Motion to Intervene was heard and granted by the Probate Court on September 22, 2009. * * * The Probate Court adversary proceeding was settled in the midst of a bench trial * * * and a formal dismissal entry was journalized.
>
> If the Plaintiffs now insist on re-litigating the disposition of the Charter One bank account, the case should be sent back to the Probate Court, which is the Court most familiar with the parties, facts, and issue in question.

{¶7} Raffaela also asserted that pursuant to Civ.R. 73(B) and R.C. Chapters 2101 through 2131, the probate court is the proper venue to hear claims alleging conversion of estate assets. The trial court denied the motion to transfer venue, and the case proceeded to a bench trial.

{¶8} Although Raffaela never filed a motion for summary judgment, Raffaela asserted res judicata as an affirmative defense in her answer and raised it in her trial brief, arguing that:

> The issues relating to the Charter One account and any claims of Gina and Daniel A. were litigated in and resolved in the Probate Division, Cuyahoga County Common Pleas Court * * * [and] thus constitute res judicata and collateral estoppel as to any claims before this Court.

{¶9} After a bench trial, the court found there was insufficient evidence of fraud and breach of fiduciary duty. The court found in appellees' favor on their conversion claims but noted that appellees' right to restitution was set off by the payment of $50,000 in the probate court settlement. However, the court awarded punitive damages on appellees' conversion claims in the amount of $9,000. The court also awarded restitution on appellees' claim for conversion of the savings bonds, in the amount of $1,525.66. Following a post-trial hearing, the court awarded appellees $12,532.50 in attorney fees.

{¶10} Raffaela now appeals, raising five assignments of error.

Standing

{¶11} In her first assignment of error, Raffaela claims the trial court erred in failing to dismiss Daniel M., individually, as a party-plaintiff. She contends that because he was not a beneficiary of any of the misappropriated funds, he was not a real party in interest and did not have standing to sue.

{¶12} "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A). A real party in interest is one who is directly benefitted or injured by the outcome of the case. *Shealy v. Campbell*, 20 Ohio St.3d 23, 24, 485 N.E.2d 701 (1985). Under Ohio law, a minor has no standing to sue before reaching the age of majority and must, therefore, sue in the name of a guardian or fiduciary. Civ.R. 17(B). Where a guardian brings suit on behalf of a minor child pursuant to Civ.R. 17(B), he is not himself the "party" but is acting in the "name" of the "real party in interest." *Boyd v. Edwards*, 4 Ohio App.3d 142, 145, 446 N.E.2d 1151 (8th Dist.1982).

{¶13} Daniel M. brought suit against Raffaela on behalf of his minor children. While the case was pending, Gina reached the age of majority and was substituted as an adult by agreement of the parties. In granting judgment on the conversion claims, the court's judgment entry states that judgment was rendered "in favor of Plaintiffs Gina Dianna Lanzalaco and Daniel A. Lanzalaco." Although the better practice may have been to grant judgment to Gina, individually, and to Daniel A., through his representative father, the trial court clearly intended the award to benefit the children alone.

Indeed, the court did not award father any damages on the conversion claim.

{¶14} Daniel M. brought a claim for attorney fees in his individual capacity because he was the party responsible for paying the fees associated with the probate case. Because he was directly affected by the court's ruling on attorney fees, he was the real party in interest on that claim. Therefore, any error in failing to dismiss father individually was harmless.

{¶15} Accordingly, the first assignment of error is overruled.

Res Judicata

{¶16} In her second assignment of error, Raffaela argues the trial court erred in not dismissing appellees' claims related to Account No. 3694 as barred by res judicata. In the fourth and fifth assignments of error, Raffaela argues the court erred in awarding punitive damages and attorney fees because these claims were also previously litigated in the probate court and barred by res judicata. We discuss these assigned errors together because they are interrelated.

{¶17} Under the doctrine of res judicata, "a valid, final judgment bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the prior action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226. The

doctrine of res judicata bars a claim when the following four elements are met: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) there is a second action that involves the same parties, or their privies, as the first action; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of a transaction or occurrence that was the subject matter of the first action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84.

{¶18} Raffaela contends that appellees' claims are barred by res judicata because they were previously litigated and resolved in the probate court case. Appellees concede they settled the conversion claim relating to Account No. 3694 but maintain they "reserved" the right to bring additional claims related to the conversion claim because they did not agree to a "global settlement" as did the other claimants in the probate case. They argue that without a "global settlement," any related claims not included in the settlement were preserved for further litigation. We disagree.

{¶19} According to the final judgment entry in the probate court, the parties to the probate action stipulated that the case was "Settled and Dismissed pursuant to the terms and conditions contained in the attached Transcript which was recorded on the 23rd day of September, 2009."

According to this transcript, appellees' counsel never stated, and Raffaela never agreed, that appellees preserved the right to bring additional claims related to Account No. 3694. Moreover, their claims for punitive damages and attorney fees related to the conversion claim were properly before the probate court in the prior action.

{¶20} Although the probate court's jurisdiction is limited to those powers conferred by statute, the probate court has supplemental authority to address collateral matters, including "plenary power at law and in equity to dispose fully of any matter that is properly before the court." R.C. 2101.24(C); *State ex rel. Sladoje v. Belskis*, 149 Ohio App.3d 190, 2002-Ohio-4505, 776 N.E.2d 557 (10th Dist.). The legislative grant of plenary power authorizes the probate court to grant any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 29, 647 N.E.2d 155 (1995), citing *Goff v. Ameritrust Co., N.A.*, 8th Dist. Nos. 65196 and 66016, 1994 WL 173544 (May 5, 1994).

{¶21} Pursuant to R.C. 2101.24, a probate court has exclusive jurisdiction over an action for conversion of estate assets. *Johnson v. Allen*, 101 Ohio App.3d 181, 184, 655 N.E.2d 240 (8th Dist.1995). It is undisputed that the probate court exercised jurisdiction over appellees' conversion claims. With plenary power in both law and equity, the probate court had

jurisdiction to hear appellees' claims for both punitive damages and attorney fees related to the conversion claims. Appellees' prayer for relief in the probate court specifically requested punitive damages, and Raffaela agreed to pay appellees' attorney fees as part of the settlement in addition to the $50,000 in compensatory damages.

{¶22} With respect to attorney fees, the transcript of the settlement agreement provides:

> The $10,000 of cost shall be taken from the portion of the estate due and owing to Raffaela. That's 3500 due and owing to the children's attorney, Steve McGowan; 3500 due and owing to the child's attorney Becky Blair; and the remaining costs of the case * * * to the extent of $10,000.

> The remaining costs shall be borne by each party * * *.

When the court later asked if any party wished to make any other additions to the agreement, appellees' counsel stated: "Not on our behalf." Moments later, appellees' counsel stated:

> On behalf of Gina Diana Lanzalaco and Daniel A. Lanzalaco, and in conference with the agreement of their father who is in the back of the courtroom, we agree to the settlement as it pertains to case number 2008EST1037031 as it pertains to the issues which are in dispute in the Probate Court.

{¶23} Appellees argue they preserved the right to sue for punitive damages and attorney fees by avoiding a "global settlement." In support of

this argument, they refer to a portion of the settlement transcript, which states:

> Each of the parties shall, * * * with the exception of the three minor children, shall execute mutual release of any and all claims that they have against and between and amongst each other, excluding the minor children for any waiver of claims or releases of claims.

{¶24} The reference to an exception of the three minor children from the execution of mutual releases belies appellees' "global settlement" argument. At the time of the settlement, Gina was no longer a minor child and, therefore, not excluded from the "mutual release of any and all claims" she had against Raffaela. The inclusion of two other minor children who were parties to the "global settlements" were excepted from the execution of releases even though their "global settlements" barred them from pursuing further litigation. The minor children were "excluded" from executing releases because, as previously explained, they lacked standing to bring the lawsuit on their own and their parents or guardians executed the releases on their behalf.

{¶25} Moreover, at trial, Daniel M. was unable to identify any specific claims that were preserved in the settlement agreement. With respect to other claims, Daniel M. testified:

> Q: What in the transcript was spelled out as to the claims that were reserved? * * * I want to know in the transcript in the

agreement read into the record before Magistrate Brown what claims were reserved specifically? * * * Which claims were not waived?

* * *

A: States that my children have the right to pursue other damages and/or claims.

Q: What claims?   Were there any claims listed?   Let me try that?

A: According to what I just read [the transcript], no.

{¶26} Because the settlement agreement did not preserve any right to bring additional claims for punitive damages and attorney fees after settlement of the probate case and because these claims were previously litigated and settled, they are barred by res judicata.   The trial court erred in awarding both punitive damages and attorney fees on any claims related to Account No. 3694.

{¶27} Accordingly, the second, fourth, and fifth assignments of error are sustained.

Other Conversion Claims

**{¶28}** In her third assignment of error, Raffaela argues that because neither Gina nor Daniel A. had an ownership interest in Account No. 3694 prior to Divito's death, and because the funds were allegedly converted prior to her death, they did not have a cause of action for conversion. Raffaela also contends that because appellees lacked an ownership interest in Account No. 3694, they did not suffer damages as a result of Raffaela's actions. However, having determined that all claims related to Account No. 3694 were barred by res judicata, we find these issues are moot.

**{¶29}** Raffaela also argues that the trial court erred in finding that she wrongfully converted the savings bonds for her own benefit. She contends the court's finding is against the manifest weight of the evidence.

**{¶30}** Although a parent has no legal or beneficial interest in the property of her child, the parent does have a duty to care for and manage the child's property. R.C. 2111.08. This responsibility is not negated by the fact that she is not the residential parent of the child. R.C. 3109.03. Therefore, without a court order to the contrary, Raffaela had the same right as Daniel M. to control the children's savings bonds, provided she did so for their benefit.

{¶31} Appellees bore the burden of proving every element of their conversion claim. *Hanna v. Groom*, 10th Dist. No. 07AP-502, 2008-Ohio-765, ¶ 39. To prevail on a claim of conversion, the plaintiff must prove by a preponderance of the evidence that the defendant wrongfully exercised dominion and control over the plaintiff's property to the exclusion of, or inconsistent with, the plaintiffs' rights. *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990).

{¶32} Although there was evidence at trial that Raffaela cashed the children's savings bonds, there was no evidence demonstrating that she took the funds "to the exclusion of" her children. When Daniel M. was asked if he knew what Raffaela did with the savings bonds, he replied: "Oh, I don't know. She cashed them." There is no evidence showing how Raffaela spent the proceeds. Although Raffaela was not the residential parent, Daniel M. admitted that the children stayed with her for extended periods. Without evidence that she wrongfully deprived the children of their money, the court erred in finding conversion of the savings bonds, and that part of the judgment is against the manifest weight of the evidence.

{¶33} Therefore, the third assignment of error is sustained.

{¶34} Judgment reversed.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

KENNETH A. ROCCO, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN PART AND DISSENTS IN PART
(WITH SEPARATE OPINION ATTACHED)

SEAN C. GALLAGHER, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶35} I concur with the majority decision with respect to the finding regarding Account No. 3694 based on the language of the final judgment entry of the probate court and the transcript of the proceedings. Any claims regarding that settlement are barred by res judicata. I dissent, however, with respect to the issue involving the savings bonds. Under the circumstances of this case, I do not think it can be surmised that Raffaela was essentially managing the savings bonds on behalf of her children.

{¶36} The majority acknowledges that Raffaela cashed the children's savings bonds. While Daniel M. may not have been aware of what was done with the money, he testified that around the time Raffaela cashed the bonds, he did not see the children get any new clothes,

computers, or other items. Daniel A. testified he did not remember his mother ever telling him that the money she took from the bonds was for him and that his mother had not purchased him any clothing, computers, or other extraordinary items. Likewise, Gina testified that her mother never indicated that she was going to take the money and spend it on the children and that she had not received any personal belongings or extraordinary items from her mother.

{¶37} The trial court recognized that the evidence showed that Raffaela wrongfully negotiated the savings bonds and that she failed to rebut evidence that she exercised dominion over the funds designated to the children. Indeed, evidence was presented that Raffaela cashed the savings bonds and that the funds were not used for the benefit of her children. Because there was competent, credible evidence to support the conversion claim on the savings bonds, I would affirm the trial court's judgment on Count II of the complaint in the amount of $1,525.66. I would remand the matter to the trial court for a redetermination of an award of attorney fees, limited to the time and fees expended upon this claim only. Further, to the extent that the finding of punitive damages was related solely to the alleged conversion of the account or to the claim involving the savings bonds, an adjustment of that figure would have to be made.

[Cite as *Lanzalaco v. Lanzalaco*, 2012-Ohio-4053.]