[Cite as *Gold v. Bertram*, 2023-Ohio-4567.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| ARI GOLD, | : | |
| | : | |
| Relator-Appellant, | : | Case No. 22CA9 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| PAUL BERTRAM, III, ET AL., | : | <u>ENTRY</u> |
| | : | |
| Respondents-Appellees. | : | **RELEASED 12/13/2023** |
| | : | |

_____

APPEARANCES:

Anne C. Labes, Attorney at Law, Parkersburg, West Virginia, for Relator-Appellant.

Jared A. Wagner, Jane M. Lynch, Green & Green, Dayton, Ohio, Paul Bertram, III, City of Marietta Law Director, Marietta, Ohio, for Respondents-Appellees.

_____

Smith, P.J.

{¶1} Relator-Appellant Ari Gold appeals the March 15, 2022 decision on "Defendant's Motion for Judgment on the Pleadings" entered in the Washington County Court of Common Pleas. Relator asserts six assignments of error relating to the trial court's decision to grant judgment on the pleadings to Respondents-Appellees and ultimately, dismissing his mandamus action. Based on our de novo review of the record, we agree with the judgment of the trial court. Relator's first and fifth assignments of

error are overruled.  As a result, Relator's second, third, fourth, and sixth

assignments of error are rendered moot and we decline to consider them.

The judgment of the trial court is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On September 29, 2021, Relator filed a Complaint and Petition

for Writ of Mandamus, naming Paul Bertram III, Law Director for the City

of Marietta; Joshua Schlicher, Mayor of the City of Marietta; Steven Wetz,

Safety Director for the City of Marietta; and Susan Vessels, President of the

Marietta City Council, as Respondents.  The complaint arose from a dispute

regarding a July 28, 2021 request for public records which Relator emailed

to Respondents and other individuals not named in the complaint.

{¶3} The July 28, 2021 records request email sent to the email address

"@mariettaoh.net" contained the following requests for information to be

provided within 14 days:[1]

> a. Any written conversation of the city, city officials,
> third party in any written form, minutes, emails, notes,
> memo, text, piece of paper, etc., that includes the
> following individuals: "Ari gold," "*David Labes,"
> (star means anyone with the last name of Labes),
> "cristie Thomas", "Barbara Bradley", "Barb Bradley",
> business name includes "Emanuel*", "Emanuel's",
> "TLV*", "740 Social", "Restore marietta INC"
> "Marietta Main Street", search words "Swasaka",

---

[1] Instead of repeatedly using [sic], we set forth herein the wording, spelling, and punctuation of the requests
exactly as set forth in the request email.

"Jew"," Resident trouble maker of downtown". Those conversations/emails/communications/letters will include any communication the officials had with parties that were not a government entity.

b. Any communication and emails that include the word "DORA," "Ohio Liquor Law."

c. Any documents, emails, conversations, texts, notes, etc., related to the prior Marietta Police Chief, including an investigation done by a third party that is not a government entity, unless you can prove that a decision, prior to the investigation, was made that comply with ORC 121.22(G) and (H). And in that matter I would need to see a council meeting setting the subject under that ORC that was dated prior to the investigation.

d. All Council approvals for the following committee members and their expiration date (as claimed by the mayor, the council required to approve any member):

Finance and Taxation:

Michael Scales, Michael McCauley, Cassidi Shoaf

Street and Transportation:

Susan Boyer, Geoff Schenkel, Bill Farnsworth

Water, Sewer, and Sanitation

Michael McCauley, Michael Scales, Cassidi Shoaf

Public Lands, Buildings and Parks

William Farnsworth, Geoff Schekel, Bill Gossett

Employee Relations

Cassidi Shoaf, Susan Boyer, William Farnsworth

Police and Fire

William Gossett, Michael Scales, Mike McCauley

Planning, Zoning, Annexation and Housing:

Geoff Schenkel, William Gossett, Susan Boyer

e.  Council approval and minutes, plus the expiration date of members to the following commissions and boards: Planning Commission, Recreational Commission, Traffic Commission, Records Commission, Civil Service Commission, Disabilities Advisory Commission, Brick Streets Commission, Building Enforcement Board, Information Technology Advisory Board, Development Advisory Board, Mayor's Alternative Transportation Advisory Committee, Board of Control, Harbor Advisory Board, Board of Building Appeals, Belpre Marietta Health Committee.

f.  I request a full transcript of every word said of any meeting related to any subject hereby requested ORC 121.22(C).

{¶4} In the complaint, Relator alleged denial of access to the public records requested in the July 28, 2021 email, violation of Ohio's Sunshine Laws, and entitlement to a writ of mandamus commanding access to the requested records.  The complaint also included language stating that a member of a public body may be subject to removal from public office via court action for a violation of the Open Meeting Act.  Relator requested monetary damages, costs, and reasonable attorney's fees.

{¶5} On October 29, 2021, Respondents filed an answer admitting the court's jurisdiction and venue over the matter; that they were public servants employed by the City of Marietta; and that the Sunshine Laws, R.C. 143.49, were applicable to the matter. The answer further set forth Respondents' attempts to fulfill the requests and to communicate with Relator. Respondents also indicated they were continuing to undertake the monumental task of reviewing and producing materials to Relator.

{¶6} Respondents denied many of the allegations. At Paragraph 12 of the answer, Respondents answered as follows: "Plaintiff has failed to state a claim upon which relief can be granted pursuant to Ohio Rule of Procedure 12(B)(6) and 12(C)." At Paragraph 36, Respondents asserted the following as their 26th defense:

> Defendants incorporate any and all available and applicable affirmative defenses, including but not limited to, the affirmative defenses set forth in Ohio Rule of Civil Procedure 8, as if fully rewritten herein ….

"Res judicata" is an affirmative defense listed under Civ.R. 8. Respondents demanded that the Complaint be dismissed.

{¶7} On January 20, 2022, Respondents filed "Defendant's Motion for Judgment on the Pleadings." In the motion, Respondents argued the action was barred by the doctrine of res judicata for the reason that the public records request at issue had already been the subject of an earlier filed

mandamus action, Washington County Common Pleas Court Case Number 21OT150. Respondents also asserted that dismissal would be appropriate because the public records request at issue was overly broad, ambiguous, and improper. Respondents further argued that Relator could not meet his burden of proving a right to mandamus by clear and convincing evidence.

{¶8} Relator responded to the motion for judgment on the pleadings by arguing that res judicata was clearly inapplicable on the facts, and that the requests were not overly broad or ambiguous. Respondents filed a reply memorandum. On March 15, 2022, the trial court entered its decision, finding that the doctrine of res judicata did apply to bar the action. The court further found that Relator did not submit an appropriate public records request via the July 28, 2021 email because the requests were vague, ambiguous, and overly broad.

{¶9} Relator timely appealed. Additional facts will be set forth within where pertinent.

## ASSIGNMENTS OF ERROR

I.  THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, CONTRARY TO THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT AND ESTABLISHED LAW.

II. THE TRIAL COURT ERRED BY DEEMING PLAINTIFF'S RECORDS REQUEST NOT

"APPROPRIATE," AND CONTRARY TO THE APPLICABLE LEGAL STANDARD, THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT, AND ESTABLISHED LAW.

III.  THE TRIAL COURT ERRED BY DEEMING PLAINTIFF'S PUBLIC RECORDS REQUEST OVERLY-BROAD, CONTRARY TO THE ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT AND ESTABLISHED LAW.

IV.  THE TRIAL COURT ERRED BY BASING THE DECISION TO GRANT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON EVIDENCE OUTSIDE OF PLAINTIFF'S COMPLAINT.

V.  THE TRIAL COURT ERRED BY DECIDING THAT THE ACTION WAS BARRED BY COLLATERAL ESTOPPEL, CONTRARY TO THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT AND ESTABLISHED LAW.

VI.  THE TRIAL COURT ERRED BY DECIDING PLAINTIFF DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS ENTITLED TO MANDAMUS, WHICH IS NOT THE PROPER LEGAL STANDARD IN MANDAMUS ACTIONS UNDER OHIO LAW.

### A. STANDARD OF REVIEW

{¶10} Appellate courts conduct a de novo review of trial court decisions concerning Civ.R. 12(C) motions for judgment on the pleadings.

*Leckrone v. Kimes Convalescent Center,* 2021-Ohio-556, 168 N.E.3d 565, at

¶ 7 (4th Dist); *Harris Farms, LLC v. Madison Twp. Trustees*, 4th Dist.

Scioto No. 17CA3817, 2018-Ohio-4123, at ¶ 12; *see also State ex rel.*

*Mancino v. Tuscarawas Cty. Court of Common Pleas,* 151 Ohio St.3d 35,

2017-Ohio-7528, 85 N.E.3d 713, ¶ 8.  Therefore, appellate courts

independently review trial court decisions regarding a Civ.R. 12(C) motion

for judgment on the pleadings.  *Harris Farms*, *supra*, citing *Rayess v.*

*Educational Comm. for Foreign Med. Graduates,* 134 Ohio St.3d 509, 2012-

Ohio-5676, 983 N.E.2d 1267, ¶ 18 ("Because the review of a decision to

dismiss a complaint pursuant to Civ.R. 12(C) presents only questions of law,

* * * our review is de novo.").[2]

{¶11} Civ.R. 12(C) provides:  "After the pleadings are closed but

within such time as not to delay the trial, any party may move for judgment

on the pleadings."  A court that considers a Civ.R. 12(C) motion for

judgment on the pleadings "must construe the material allegations in the

complaint, along with all reasonable inferences to be drawn therefrom, in

favor of the nonmoving party as true."  *See Ohio Manufacturers' Assn. v.*

*Ohioans for Drug Price Relief Act,* 147 Ohio St.3d 42, 2016-Ohio-3038, 59

---

[2]A Civ.R. 12(C))motion is essentially a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief  can be granted. *Maynard v. Norfolk S. Railway,* 4th Dist. Scioto No. 08CA3267, 2009-Ohio-3143, at ¶  11.  The legal standard is the same for deciding both motions.  *Id*., citing *Nelson v. Pleasant,* 73 Ohio App.3d 479,at 482, 597 N.E.2d 1137 (4th Dist.1991).

N.E.3d 1274, ¶ 10 (citation omitted); accord *State ex rel. Leneghan v. Husted,* 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 13; *State ex rel. Midwest Pride IV., Inc. v. Pontious,* 75 Ohio St.3d 565, 580, 664 N.E.2d 931 (1996). A court may enter judgment on the pleadings "only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief." Civ.R. 12(C). *See Ohio Manufacturers' Assn.* at ¶ 10; accord *Harris Farms,* supra, at ¶ 13; *Maynard v. Norfolk S. Ry.,* 4th Dist. Scioto No. 08CA3267, 2009-Ohio-3143, at ¶ 12; *Dolan v. Glouster,* 173 Ohio App.3d 617, 2007-Ohio-6275, 879 N.E.2d 838, ¶ 7 (4th Dist.). " 'Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.' " *Rayess* at ¶ 18, quoting *Midwest Pride IV,* supra, at 570, 664 N.E.2d 931. "Consequently, 'as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion * * * [for judgment on the pleadings].' " *Kerr v. Logan Elm School Dist.,* 4th Dist. Pickaway No. 14CA6, 2014-Ohio-5838, at ¶ 12, quoting *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

## B. LEGAL ANALYSIS

{¶12} The underlying action subject of this appeal is Relator's second

request for a writ of mandamus stemming from the July 28, 2021 records request made to all four of the Respondents. " ' "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." ' " *Ogle v. Hocking Cty. Sheriff,* 4th Dist. Hocking No. 11AP13, 2012-Ohio-1768, at ¶ 14, quoting *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.,* 120 Ohio St.3d 372, 2008-Ohio-6253, at ¶ 17, quoting *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, at ¶ 6; R.C. 149.43(C). " 'In order to be entitled to a writ for mandamus, appellant must establish (1) a clear legal right to the requested relief, (2) a clear legal duty to perform these acts on the part of [the appellees], and (3) the lack of a plain and adequate remedy in the ordinary course of law.' " *Ogle, supra,* at ¶ 15, quoting *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12, 16, 1996-Ohio-231, citing *State ex rel. Carter v. Wilkinson,* 70 Ohio St.3d 65, 1994-Ohio-245. Furthermore, "[w]e construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of public records." *State ex rel. Toledo Blade Company* at ¶ 17, citing *State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, at ¶ 29.

{¶13} Complicating the analysis in this case is the fact that the trial

court granted Respondents' motion for judgment on the pleadings based on application of the doctrine of res judicata. "Application of the doctrine of res judicata/collateral estoppel to a particular issue is a question of law." *Lycan v. Cleveland,* Slip Opinion No. 2020-0341, 2022-Ohio-4676, 2022 WL 17980975, at ¶ 21; *see State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 41 (10th Dist.). As such, application of the doctrine is reviewed under a de novo standard of review, i.e., without deference to the lower court's decision. *See Crawford v. Foster,* 2016-Ohio-625, 59 N.E.3d 676, at ¶ 17 (4th Dist.), (internal citations omitted.)

{¶14} It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *National Amusements Inc. v. City of Springdale,* 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990); see *Rogers v. Whitehall,* 25 Ohio St.3d 67,69, 494 N.E.2d 1137 (1986). "[W]here a party is called upon to make good his cause of action * * *, he must do so by all the proper means within his control, and if he fails in that respect * * *, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties." *Covington & Cincinnati Bridge Co. v. Sargent,* 27 Ohio St. 233

(1875), paragraph one of the syllabus. The doctrine of res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes." *Brown v. Felsen,* 442 U.S. 127,131, 99 S.Ct. 2205 (1979). "It's enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of persons and property, if * * * conclusiveness did not attend the judgments of such tribunals * * *." *Southern Pacific Rd. Co. v. United States,* 168 U.S. 1, 49, 18 S.Ct. 18 (1897). " 'A judgment rendered in a mandamus action may operate as res judicata in a subsequent action which seeks to relitigate the issues decided in the mandamus action.' " *In re Proposed Charter Petition,* 4th Dist. Athens No. 18CA30, 2019-Ohio-5445, at ¶ 21, quoting *State ex rel Dietrick Industries Inc v. Indus. Com'n of Ohio,* 35 Ohio St.3d 183, 184, 519 N.E.2d 640 (1988), citing *Garrison v. Patrick,* 145 Ohio St. 580, 62 N.E.2d 371 (1945). Furthermore, application of the doctrine of res judicata is not limited to points of law actually and directly in issue in the prior action. " ' "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it." ' " *Brooks v. Kelly,* 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, at

¶ 7, quoting *Natl. Amusements, supra*, at 62, 558 N.E.2d 1178, quoting

*Grava v. Parkman Twp*., 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995)

{¶15} In *Nelson v. Pleasant, supra,* at 482, this court observed an absence of authority supporting the proposition that the defense of res judicata may properly be invoked in a motion for judgment on the pleadings. However, we also noted that the issue had been addressed with respect to other provisions of the Civil Rules. *Id.* A motion for judgment on the pleadings has been characterized as merely a belated Civ.R. 12(B)(6) motion. *Id*. See 4 Anderson, Ohio Civil Practice (1987) 358, Section 152.5. The same standards of review are applied to both motions. *Sabolsice v. Armm Coal Co.,* 4th Dist. Lawrence No. 1874, unreported, at 5, 1989 WL 74876 (June 27, 1989); *McKenzie v. Beers*, 4th Dist. Pickaway No. 89CA16, unreported, 1990 WL 252989 (Dec. 21, 1990), (Stephenson, J., concurring).

{¶16} In *Nelson,* we noted that the affirmative defense of res judicata is not properly raised in a Civ.R. 12(B)(6) motion because it requires reference to materials outside the complaint (i.e., the previous action upon which the defense is based) and, therefore, is a matter which should be raised on summary judgment. *See, also, Johnson v. Linder*, 14 Ohio App.3d 412, 415, 471 N.E.2d 815, 817 (3d.Dist. 1984); *Stephens v. Boothby,* 40 Ohio App.2d 197, 199-200, 190-191, 318 N.E.2d 535, 536-537

(3d.Dist.1974). However, in this case, the trial court does not appear to have relied on materials outside the complaint but does appear to have taken judicial notice of the earlier action which also took place in the same court.

{¶17} Evid.R. 201 governs judicial notice of adjudicative facts (i.e., the facts of the case). *State ex rel. Harris v. Bruns*, 2023-Ohio-2344, 2023 WL 4476245, - -N.E.3d - -, at ¶ 20; Evid.R. 201(A). " 'A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " *Harris, supra,* quoting Evid.R. 201(B). " 'A court may take judicial notice, whether requested or not,' " (emphasis added) and it " 'shall take judicial notice if requested by a party and supplied with the necessary information.' " *Harris, supra,* quoting Evid.R. 201(C) and Evid.R. 201 (D).

{¶18} "Both trial courts and appellate courts can take judicial notice of filings readily accessible from a court's website." *Teays Valley Local School District Board of Education v. Struckman,* 2023-Ohio-244, 206 N.E.3d 796, at ¶ 76 (4th Dist.) (Internal citations omitted.) More recently in *State ex rel. Roush v. Hickson*, 2023-Ohio-1696, 2023 WL 3588192, - -N.E.3d - -, the Supreme Court of Ohio explained at ¶ 7:

> "It is axiomatic that a trial court may take judicial notice of its own docket." *Indus. Risk Insurers v. Lorenz Equip. Co.,* 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). In *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12, 15-16, 661 N.E.2d 170 (1996), the Supreme Court affirmed the court of appeals' judgment granting a motion to dismiss a prohibition complaint and thereby approved of that court's having taken judicial notice of whether a particular issue had been presented and resolved in earlier appeals in that court related to the same underlying litigation.

In this case, the trial court's decision found "The Plaintiff's claims are subject to estoppel under the doctrine of res judicata." Thus, it is appropriate for this court to examine whether the doctrine of res judicata was properly applied to the facts herein.

{¶19} " '[C]laim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.' " *Lycan v. Cleveland, supra*, at ¶ 23, quoting *Hapgood v. Warren,* 127 F.3d 490, 493 (6th Cir.1997). Specifically, the trial court herein found:

> The Defendants claim that this action is barred by res judicata as the Plaintiff should have argued all claims from his July 28, 2021 public records request in his first action that was dismissed. The Court finds that the previous action is conclusive for all claims that were or could have

been litigated in the first action.  This would include all the
claims in this second mandamus action from the July 28,
2021 public records request.  (Emphasis added.)

Because Relator's first and fifth assignments of error are related, we

consider them jointly.

{¶20}  Under the first assignment of error, Relator points out that a

Civ.R. 12(C) motion tests the sufficiency of the complaint and the trial court

was required to make all reasonable inferences in favor of the non-moving

party.  In order for the Respondents to prevail, the trial court should have

construed the material allegations of the complaint, that Relator made public

records requests of the Respondents that went unanswered for several

months without applicable exception under the Ohio Sunshine Laws, and

then granted Respondents' motion only if the court found that Relator could

prove no set of facts entitling him to relief.  Relator concludes that under this

standard, he easily met the requisites to survive a Civ.R. 12(C) motion.

{¶21} Under the fifth assignment of error, Relator argues that the trial

court erred by deciding that the action was barred by collateral estoppel,

contrary to the allegations in the complaint and established law.  Relator

contends that the issues being litigated in the current mandamus action are

not identical to those of the prior action and have not been litigated and

decided by the trial court.  In reply to Relator's arguments, Respondents

assert that Relator is simply ignoring the applicability of the doctrine of res judicata to mandamus actions and to this matter in particular.

{¶22} Based on our review, however, we find that all res judicata elements are met in this case. We find: (1) there was a prior valid final decision on the merits; (2) the action involves the same parties or their privies; (3) the claims were or could have been litigated in Relator's first mandamus action; and (4) the second action arises from the same transaction or occurrence as the first. Therefore, for the reasons which follow, we find the trial court properly took judicial notice of its own docket. We also agree with the trial court's decision that res judicata applied to bar Relator's second complaint for mandamus originating from the July 28, 2021 email.

### C. APPLICATION OF THE RES JUDICATA FACTORS

#### 1. A Prior Valid Final Decision on the Merits.

{¶23} As the trial court indicated, Relator filed a first Complaint and Petition for Writ of Mandamus in Case No. 210T150 on August 30, 2021. At Paragraph 7 of the first complaint, Relator alleged: "Relator submitted a written request for access to public records to Respondents seeking the Report in full, as well as other public records, on July 28, 2021." After the trial court granted judgment on the pleadings on December 15,

2021, Gold never appealed from that judgment and thus it became a prior

final valid decision.  The trial court wrote:

> That first action was assigned to this Judge and given Case No. 21OT150.  This Court granted Judgment on the Pleadings and dismissed the first action on December 15, 2021.  An appeal was never taken from that decision and it became a final judgment.

{¶24} Given that the trial court noted in its decision granting

judgment to Respondents that the "first action was assigned to this Judge

and given case No. 210T150," it is obvious that the trial court took judicial

notice of its own prior decision and docket.  In our view, it would be

nonsensical for the trial court to have ignored knowledge of a basic legal

doctrine and to "pretend" a lack of judicial notice of the prior mandamus

action over which he presided during the entire pendency of the case.[3]

Both actions stemming from the same July 28, 2021 records request were

pending until the trial court's dismissal of the first mandamus action as of

December 15, 2021.  No appeal was taken from the December 15, 2021

entry.  Based on the foregoing, we find, as did the trial court, that the

decision in Relator's first mandamus action became a prior final decision on

the merits.

---

[3] "[A] trial court is not required to suffer from institutional amnesia."  *Ullom v. Agoston*, 2022-Ohio-3813, 199 N.E.3d 693, at ¶ 23, citing *Indus. Risk Insurers, supra.*

2.   <u>A Second Action Involving the Same Parties or their Privies.</u>

{¶25} For res judicata to apply, "the parties to the subsequent action must be identical to or in privity with those in the former action." *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8. Here, the trial court's decision noted the July 28, 2021 email was directed to Paul Bertram, Josh Schlicher, Susan Vessels, Steve Wetz, and others.  The court also noted that the second mandamus action "named all of the same defendants as in the first action, with the addition of Susan Vessels."  In its decision finding res judicata applied, the trial court implicitly found Susan Vessels to be as one in privity with the other public officials in the City of Marietta.

{¶26} The Ohio Supreme Court has become more relaxed concerning what constitutes privity when applying the principles of res judicata. *Ferrara v. Vicchiarelli Funeral Serv. Ins.,* 2016-Ohio-5144, 69 N.E.3d 171, at ¶ 17 (8th Dist.)  In this case, the question becomes whether the trial court's determination that Susan Vessels can be considered to be in privity with the Respondents from the first action is correct.  In *Brown v. Dayton,* 89 Ohio St.3d 245, 730 N.E.2d 958 (2000), the Ohio Supreme Court explained:

> What constitutes privity in the context of res judicata is
> somewhat amorphous.  A contractual or beneficiary relationship

is not required: "In certain situations * * * a broader definition of 'privity' is warranted. As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.' *Bruszewski v. United States* (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J., concurring)."

*Brown, at* 248, 730 N.E.2d 958 (2000); *Ferrara,* supra. Furthermore, a " 'mutuality of interest, including an identity of desired result,' " may create privity. *Kirkhart, supra,* 101 Ohio St.3d 377, 379, quoting *Brown, supra.*

{¶27} Vessels was named in the July 28, 2021 email. In Relator's first complaint naming Bertram, Schlicher, and Wetz as Respondents, Relator identifies and alleges Respondents as persons "being charged with management of the public records sought for the purposes of Ohio Rev. Code 149.43 and this action and/or have held themselves out to the public as controlling these records." In the second complaint, Relator makes the exact allegation about the Respondents and includes President Vessels.

{¶28} Vessels was known to Relator at the time he filed his first action, and she shared the same interest in dismissal of the first action. These facts are significant. *See Ferrara v. Vicchiarelli Funeral Services Inc.,* 8th Dist. Cuyahoga No. 10696, 2018-Ohio-5042, at ¶ 19. *See also Newman v. University of Dayton*, 2021-Ohio-1609, 172 N.E.3d 1122, at ¶ 29 (2d Dist.) (Although UD's in-house counsel was not named as a defendant in the original federal action, she undoubtedly shared the named defendants'

interest in the dismissal of that action, and she would have been entitled to the benefit of judicial estoppel, * * * making her position indistinguishable from that of the other UD defendants).  Vessels' association with the other parties to the first lawsuit was known at the time of the first lawsuit.  Vessels has a mutuality of interest and an identity of desired results with the other parties named in both actions.  We agree with the trial court's implicit determination that Vessels was as one in privity with the other Respondents.

> 3. <u>Claims That Were or Could Have Been Litigated in the First Action.</u>

{¶29} As previously discussed, application of the doctrine of res judicata is not limited to points of law actually and directly in issue in the prior action.  The previous action is conclusive for all claims that were or that could have been litigated in the first action.  *Ferrara, supra*, at ¶ 16. *See Holzemer v. Urbanski*, 86 Ohio St.3d 129, 133, 712 N.E.2d 713 (1999). Relator asserts that the previous mandamus action related to a separate request dated August 30, 2021, and that the sole issue of the prior mandamus action was Respondents' refusal to provide the full investigative report concerning the actions of Police Chief Rodney Hupp.

{¶30}  Relator sets forth the purported new issues currently being litigated as follows:

1. Results for search terms with an agreed deadline of September 24, 2021;

2. City Council Meeting Minutes where enumerated committee members were appointed by the Council; and,

3. Drafts and documents relied upon by the independent investigator in crafting the investigative report of the allegations against former Chief Hupp.

However, upon review, we find while the current litigation may not involve precisely the same subjects, the currently-litigated issues all relate to the initial July 28, 2021 email records request to Respondents.

{¶31} We disagree with Relator's contention that "all the research terms with an agreed deadline of September 24, 2021" is a new request. We disagree with Relator's contention that "Drafts and documents relied upon by the independent investigator in crafting the investigative report of the allegations of Chief Hupp," is a new request. Rather, we construe these to be somewhat more narrowly defined requests from the original broadly-worded request in Paragraph 7 of the July 28, 2021 email requesting "Any documents, emails, conversations, texts, notes, etc. related to the prior Marietta Police Chief, including an investigation done by a third party * * *." And it is obvious that the "City Council Meeting Minutes where enumerated committee members were appointed by the Council" is also not

a new request, but appears to be a "pared down" version of the original

requests, set forth as follows in the July 28, 2021 email:

"d. All Council approvals for the for the following committee

members * * *";

"e. Council approval and minutes * * * of members to the

following commissions and boards * * *"; and,

"f. I request a full transcript of every word said of any meeting

related to any subject hereby requested ORC 121.22(C)."

{¶32} Once again, it would be a nonsensical approach to file each

request stemming from the July 28, 2021 email in a separate successive

action, or for a court to allow for such related separate actions. It certainly

would not be in keeping with the principles of reliance on prior judicial

decisions or judicial economy. We find, as did the trial court, that Relator's

claims could have been properly raised in the first action.

   4.   Same Transaction or Occurrence

{¶33} The trial court found that the first action related to the same

transaction or occurrence when it wrote "Wherefore, the Plaintiff is estopped

from pursuing a second mandamus action related to his July 28, 2021 public

record request because his first action related to that same public records

request was dismissed with prejudice and has become a final order." As we

have discussed throughout this opinion, it is obvious the public records requests subject of the first mandamus action are also the underlying basis for the second action.  Thus, we also agree with the trial court's determination regarding this res judicata factor.

{¶34}  Based on the foregoing, we find the doctrine of res judicata was properly applied to support the trial court's dismissal of Relator's second and current mandamus action.  Therefore, we find no merit to Relator's first and fifth assignments of error.  Accordingly, both the first and fifth assignments of error are hereby overruled.   Furthermore, because the doctrine of res judicata bars Relator's current mandamus action, the remaining assignments of error—two, three, four, and six have become moot.  We need not consider them.  *See Winland v. Christman,* 7th Dist. Monroe No. 18MO0005, 2019-Ohio-2408, at ¶ 61.  *Lanzalaco v. Lanzalaco,* 2012-Ohio-4053, 976 N.E.2d 309 at ¶ 28 (8th Dist.); *State v. Smith,* 4th Dist. Ross No. 09CA3128, 2011-Ohio-664, at ¶ 32.  *See also* App.R. 12(A)(1)(c). The judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Costs to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.:  Concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**