[Cite as *State ex rel. Brown v. N. Lewisburg*, 2013-Ohio-3841.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, EX REL., PAT BROWN | : | Appellate Case No. 2012-CA-30 |
| | : | |
| *Relator* | : | |
| | : | |
| v. | : | |
| | : | |
| VILLAGE OF NORTH LEWISBURG, OHIO, et al. | : | |
| | : | |
| *Respondents* | : | |
| | : | |
| | : | |

DECISION AND FINAL JUDGMENT ENTRY
September 5, 2013

PER CURIAM:

{¶ 1} This matter is before the court on the complaint for a writ of mandamus filed by Relator, Pat Brown. Brown seeks a writ from this Court ordering Respondents, the Village of North Lewisburg ("the Village"); E. Diane Davis, Fiscal Officer of the Village; Robert A. Yoder, Administrator of the Village; and Jason Keeran, Mayor of the Village, to provide Brown copies of requested records under the Public Records Act, in addition to awarding her statutory damages, attorneys' fees, and costs in accordance with the Public Records Act.

{¶ 2} Brown is one of six members on the council of the Village of North Lewisburg. She was elected in 2009 and took office in 2010. On June 13, 2012, Brown

hand-delivered a letter to Diane Davis, the Village's Fiscal Officer, which stated:

> I need a copy of invoices and purchase orders for all checks during 2011. I will need a copy of invoices and purchase orders for Jan 2012. I would like copies of any and all voided or missprinted ones. Also I need copies of checks from the village to the village during this time period Jan 2011 thur [sic] Jan 2012. Please call when done. Please let me know the cost so I can have correct money.

{¶ 3} Davis took the letter to Jason Keeran, Mayor of the Village, who advised Davis not to make copies of the requested documents at that time because Brown receives the information in monthly council packets for council members. According to Keeran, Brown as council member receives a detailed payment register, which shows the checks written from the checking account of the Village; a receipt register; and bank reconciliation at each council meeting. Invoices of the prior and present months' payments are kept in a file and brought to each meeting by Davis for council members to review upon request.

{¶ 4} Prior to a council meeting in July 2012, Robert Yoder, Village Administrator, presented Brown a detailed payment register pursuant to her letter – including purchase order numbers, vendor names, line items in the budget from which the payment comes, and amounts – and purchase orders. With respect to invoices, the payment register shows what is being paid for but not who the invoice is from. Yoder advised Brown that if there was something more specific she wanted to review, for example, specific invoices, she should ask and Davis would locate the documents for her to review and/or to make copies.

{¶ 5} Brown testified that she would approach Davis after each subsequent council meeting and ask about her copies. Ultimately, Brown filed this original action on July 26, 2012.

Respondents filed an answer on August 21, 2012, and the action proceeded to discovery.

{¶ 6} In October, counsel for Respondents contacted counsel for Brown to inquire whether the matter could be settled. Respondents' counsel provided that the Village had approximately 8,550 pages (450 documents x 19 months) that had been requested, covering the time periods of January 2011 to July 2012. At five cents per page, counsel advised that the total cost would be $427.50, to be paid in advance. Counsel further stated it was Respondents' position that Brown had access to all of the records in her role as council member, and that she was not entitled to a complete duplication of the documents. Nevertheless, counsel suggested that Brown and her attorney review summarized sheets that had been prepared for her showing the date, check number, amount due, and the payee of every check written from January 1, 2011 to July 31, 2012 and determine which documents they want copied.

{¶ 7} Sometime thereafter, Brown requested records covering approximately 13 months and submitted a check to Respondents for copying and assembling in the amount of $292.00. Brown testifies that production of the records occurred on March 5, 2013.

{¶ 8} Brown moved for partial summary judgment on March 25, 2013. Respondent filed a response to the motion on May 10, 2013 and simultaneously moved to dismiss the action as moot. Brown thereafter filed a memorandum in opposition to the motion to dismiss and reply memorandum in support of her motion for partial summary judgment.

{¶ 9} "Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. When considering a motion for summary judgment, the evidence must be construed in favor

of the nonmoving party." *State ex rel. Shelly Materials v. Clark Cty. Bd. of Commrs.*, 2d Dist. Clark No. 2003-CA-72, 2005-Ohio-6682, ¶ 5, quoting *Wheelbarger v. Dayton Bd. of Edn.*, 2d Dist. Montgomery No. 20272, 2004-Ohio-4367, ¶ 8.

{¶ 10} Respondents contend that Brown's mandamus claim is moot because she has been provided the documents she requested. " 'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot.' " *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22, quoting *State ex rel. Toledo Blade Co. v. Toledo–Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. Mandamus will not issue to compel the performance of a duty that has already been performed. *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d 849, ¶ 5.

{¶ 11} While this Court agrees that the mandamus claim is moot due to the records having been provided by Respondents, this action remains viable insofar as Brown also claims entitlement to statutory damages and litigation expenses. *Striker* at ¶ 27-29; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-21, 2009-Ohio-442, ¶ 35.

{¶ 12} Brown argues that she is entitled to damages pursuant to R.C. 149.43(C)(1) in the amount of $1000.00 for the lost use of the records from the time she requested them until the time she received them. This section of the Code states, in part:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public

records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the

requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed. The award of statutory damages shall be in addition to all other remedies authorized by this section.

{¶ 13} Here, Brown hand-delivered a letter to Diane Davis on June 13, 2012 requesting certain records maintained by Davis as the Village's Fiscal Officer and person responsible for the Village's bookkeeping. There is no dispute that these records are generally public records subject to disclosure under the Public Records Act. " 'Public record' " means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, * * * ." R.C. 149.43(A)(1).

{¶ 14} Respondents argue they did not make copies of the requested public records available to Brown at cost and within a reasonable period of time, as required by R.C. 149.43(B)(1), because (1) the June 13, 2012 letter was not considered a public request for records but simply an "I need" request consistent with Brown's council position and prior requests for information; and (2) Brown has available for her review as a council member all records and information requested, including invoices and check numbers, at each council meeting.

{¶ 15} The Public Records Act must be construed liberally in favor of broad access and any doubt resolved in favor of disclosure of public records. *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6. Anyone may

inspect these records at any reasonable time, subject only to the limitation that such inspection does not endanger the safety of the record, or unreasonably interfere with the discharge of the duties of the officer having custody of those records. *State ex rel. The Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 640 N.E.2d 174 (1994).

{¶ 16} We first consider Respondents' argument that Brown was not entitled to copies of the records requested because her letter was not a public records request. Generally, there is no specific form which a public records request must take. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 89. In *Oriana House*, a private, non-profit organization made a request to the Auditor of State for records related to a special audit of the relator and its subsidiaries. As the public office overseeing the custody of these records, it was clear that the auditor was required to make those records not exempted by the Public Records Act available for the relator's inspection. It is less clear under the facts in this action whether Brown was making a request under the Public Records Act or simply seeking further information in her role as a Village council member from the custodian of the Village records. Davis testified that the latter conclusion is more consistent with Brown's practice for obtaining information. Without so holding, we will assume, for the sake of argument, that the June 13, 2012 letter is in the nature of a request under the Public Records Act.

{¶ 17} Likewise, we will assume, for the sake of argument here, that Brown's having access to the records she requested during council meetings also should not preclude her from receiving copies of the records for her own use. A public office is obligated to honor a records request by "any person," and a person does not have to explain his or her reasons for wanting to inspect and copy a public record in order to validly request the record. *Rhodes v. New*

*Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 20.   Indeed, R.C. 149.43(B)(4) provides that '[u]nless specifically required or authorized by state or federal law or in accordance with division (B) of this section, no public office or person responsible for public records may limit or condition the availability of public records by requiring disclosure of the requester's identity *or the intended use of the requested public record*."   (Emphasis added.)

{¶ 18} Assuming that Brown has made a proper public records request, the court must now consider whether she is entitled to statutory damages and litigation expenses for Respondents' delay in providing her the records.   Under R.C. 149.43(C)(1), this Court must presume that Respondents' non-compliance caused an injury to Brown.   *Simonsen,* 2009-Ohio-442, at ¶ 12.   The amount of statutory damages to which Brown would be entitled is fixed at one hundred dollars for each business day during which Respondents failed to comply with their obligation in accordance with R.C. 149.43(B), beginning with the day on which Brown filed a mandamus action to recover statutory damages, up to a maximum of one thousand dollars.   R.C. 149.43(C)(1).   The court, however, may reduce an award of statutory damages or not award statutory damages if the court determines both of the following:

(a) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the

requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

(b) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

{¶ 19} As we stated above, broad access to public records is generally favored by the law. R.C. 149.43(B)(1) states that "[u]pon request * * *, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." Although we have found no authority setting forth an exception when an individual making a public records request has access to the records in some other capacity, we cannot ignore the main purpose of the Public Records Act – to provide access to public records for inspection. Under the totality of the facts and circumstances in this case, we find it would not be unreasonable for Respondents, the custodians of the records requested, to have believed that Brown was not entitled to duplicative, voluminous copies of records to which the testimony in this matter demonstrates she has access at each Village council meeting. *See State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 26 (each request must be analyzed under the totality of the facts and circumstances in which it was made).

{¶ 20} Under R.C. 149.43(C)(1)(b), we also find that Respondents could reasonably have believed that their conduct would serve public policy. At a time when the public demands

and scrutinizes fiscal responsibility, superfluous duplication of documents flies in the face of sound policy when the documents are readily available to the person requesting them by means other than a public records request.

**{¶ 21}** Accordingly, we find that statutory damages are not warranted in this action. Likewise, for the reasons stated above, we also find that Brown is not entitled to attorney fees. R.C. 149.43(C)(2)(c).

**{¶ 22}** Relator's motion for partial summary judgment is OVERRULED. Because this decision determines all claims pending in this action, the matter is hereby DISMISSED. Each party shall bear responsibility for its own court costs.

**{¶ 23}**                                    SO ORDERED.

_____
MIKE FAIN, Presiding Judge


_____
MARY E. DONOVAN, Judge


_____
JEFFREY M. WELBAUM, Judge


To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____

_____MIKE FAIN, Presiding Judge

Copies mailed to:

Christopher P. Finney
Bradley M. Gibson
Attorneys for Relator
2623 Erie Ave.
Cincinnati, Ohio 45208

Curt C. Hartman
Attorney for Relator
3749 Fox Point Court
Ameila, Ohio 45102

Ray Cox
Attorney for Respondents
265 Regency Ridge Drive
Dayton, Ohio 45459

CA3/JN

Issue date: September 5, 2013