[Cite as *Hastings v. Washington Court House Bldg. & Zoning Dept.*, 2025-Ohio-1292.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| SHAWN HASTINGS, et al. | Case No. 2024-00701PQ |
| Requesters | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| WASHINGTON COURT HOUSE BUILDING/ZONING DEPARTMENT | |
| Respondent | |

{¶1} On February 13, 2025, Requesters timely filed objections to the Special Master's Report and Recommendation (R&R). Respondent filed a Response to Requesters' objections. For the reasons below, the Court overrules Requesters' objections and adopts the R&R.

## I. Background

{¶2} Shawn and Delta Hastings (Requesters) filed a Complaint seeking records requested from the Washington Court House Building/Zoning Department (the City). Requesters sought (1) reports, memorandum, or other communications between City employees regarding Requesters; (2) drafts of reports/recommendations regarding the zoning proceedings; (3) final reports regarding the zoning proceedings; and (4) the City's records retention policy. The City produced several records, however, testimony from Rod Bryant, a City official, at the hearing in the zoning proceedings prompted Requesters to resubmit their request hoping to obtain notes and voicemails that document the complaints prompting the zoning proceedings. The City did not produce notes or voicemails, and Requesters filed this claim.

{¶3} On February 4, 2025, the Special Master rendered an R&R recommending that the Court enter judgment for Respondent and that Requesters be ordered to bear the costs of this case. The Special Master found that Requesters failed to prove that

additional responsive records exist with clear and convincing evidence. Further, the Special Master found that Respondent met its obligations under R.C. 149.43(B)(3) to provide legal authority supporting its denial of Requesters' requests. Finally, the Special Master determined that neither damages nor attorneys' fees are available in this case.

{¶4} On February 13, 2025, Requesters filed timely objections to the Special Master's R&R. First, Requesters object to the Special Master not acknowledging that the City only produced the records retention schedule after the filing of this claim. Requesters assert that this is evidence that additional responsive records existed that the City did not produce. Requesters posit that clear and convincing evidence that one responsive record exists and was not produced is sufficient to justify a judgment in their favor.

{¶5} Next, Requesters argue that the Special Master did not consider the City's conflicting statements properly. Requesters contend that the City's response to their second request stating that it maintains its right to withhold privileged documents is in conflict with the affidavit filed in this case asserting that no additional responsive records exist. Requesters assert that the City failed to submit the records for an in camera review and thus have failed to prove privilege.

{¶6} The City argues that Requesters have already received the proper remedy (a copy of the record) for the inadvertent omission of the records retention schedule. Respondent acknowledged that the Court may order Respondent to pay the filing fee pursuant to R.C. 2743.75(F)(3). As to Requesters' second objection, the City argues that Requesters specifically requested "unprivileged" records between employees, therefore, privilege need not be addressed.

## II.    Law & Analysis

{¶7} When the Court is reviewing objections to a special master's report and recommendation, "R.C. 2743.75(F)(2) requires this court to function as a reviewing court for the purposes of determining the objections before it." *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, 2017-Ohio-4248, ¶ 8 (Ct. of Cl.). Further, the only matters properly before the Court or Special Master are those identified in the body of the complaint. *Schaffer v. Ohio State Univ.*, 2024-Ohio-2185, ¶ 58-65, adopted 2024-Ohio-2625 (Ct. of Cl.). A review of the body of Requesters' Complaint reveals that the records retention

schedule was not mentioned. Therefore, the Special Master did not err in leaving it out of his R&R. Further, the parties agree that the records retention schedule has been provided to Requesters. Requesters' first objection is OVERRULED.

{¶8} Where a public office asserts that all records have been provided, a requester must provide sufficient evidence that the records exist in order to succeed on a public records claim. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177. If the public office provides affidavit testimony that no records exist, the requester must provide clear and convincing evidence that the records do exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246.

{¶9} Here, the City submitted affidavit testimony that it searched diligently for all responsive public records and provided such records to Requesters. (Affidavit of Rod Bryant ¶ 5.) Further, the City searched specifically for notes and voicemails responsive to Requesters' request and did not locate any in its possession. *Id.* ¶ 6-7. This is not in conflict with any previous statements submitted to the Court by Requesters or the City.

{¶10} Plaintiff submitted as evidence an August 12, 2024 letter from Mr. Bryant to Requesters' attorney. The letter states, in part, "To the extent that your request could be construed to seek them, the City has also elected to maintain its right to withhold documents that are protected by attorney-client privilege." (Requesters' Evidence, Exh. E, p. 1.) Requesters contend that this statement claims privilege over notes and voicemails in the City's possession, however, no such claim was made.

{¶11} At the May 15, 2024 hearing in the zoning matter, Mr. Bryant, when asked about complaints against Requesters', testified that "[t]here has been several I don't know that I know their first names. Um, I have those written down at the office." *Id.*, Exh. C, p. 48. Further, "I said that I have some names down, yeah because I keep kind of this little log that's basically just um a notebook pad that's got a bunch of scribblings on it."[1] *Id.* p. 62. And "when we receive a complaint, it's not necessarily a written complaint. . . . it could be just a phone call, a voicemail message left on the phone . . ." *Id.* None of these

---

[1] The Supreme Court of Ohio has held that an official's personal notes made to focus his thoughts are not records if they are not shared with other individuals or kept as part of his office's general records. *State ex rel. Steffen v. Kraft*, 67 Ohio St.3d 439, 440, (1993); *State ex rel. Cranford v. Cleveland*, 2004-Ohio-4884, ¶ 17, 18.

statements conflict with the affidavit nor do they prove that the City withheld responsive records.

{¶12} Requesters failed to submit clear and convincing evidence that the City possesses additional unprovided responsive records. The Court finds that the Special Master did not err in his analysis of the evidence presented in this case. Therefore, Requesters' second objection is OVERRULED.

## III.      Conclusion

{¶13} For the reasons set forth above, the Court OVERRULES Requesters' objections and ADOPTS the Specials Master's R&R. Therefore, (1) judgment is entered in favor of Respondent and (2) costs are assessed against Requesters. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed March 4, 2025**
**Sent to S.C. Reporter 4/11/25**