[Cite as *McEachron v. Brecksville*, 2026-Ohio-1323.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ORVILLE MCEACHRON | Case No. 2026-00056PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF BRECKSVILLE | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the Court (1) enter judgment for respondent, and (2) order requester to bear the costs of this case.

**I.    Background**

{¶2} In November 2024, Requester Orville McEachron was cited for a traffic violation. *Complaint, filed Jan. 16, 2026*, p. 13-14. The case was docketed in the Brecksville Mayor's Court under case number 24TRD00912. *Id*. On January 8, 2025, the case was transferred to the Garfield Heights Municipal Court and docketed in case number TRD250061. *Compl.*, p. 11-12; *see also Brecksville v. McEachron*, Garfield Heights Mun. Ct. No. TRD2500061, Docket (attached at Appendix A).[1]

{¶3} Requester contests the response to two public records requests he made to Respondent the City of Brecksville. *Compl.*, p. 1. These requests generally relate to the

---

[1] I take judicial notice of the docket in the Garfield Heights traffic case and the filings available on that docket. Courts can take judicial notice of filings readily accessible from a court's website. *Gold v. Bertram*, 2023-Ohio-4567, ¶ 18 (4th Dist.); *see also* Evid.R. 201. The Garfield Heights traffic case docket is available at:

https://docket.ghmc.org/recordSearch.php?k=docket1828Z7Qzc8szh8fnUwBUIsutOZn Q92Vpmbxv7ssoVA9M20194715625179443378942383099711128094482018568016 8 353711220095460435766648529426 (last accessed Mar. 9, 2026). The docket is also attached to this report and recommendation at Appendix A, for the reader's convenience.

Brecksville Mayor's Court traffic case and its transfer to the Garfield Heights Municipal Court. *See Compl.*, p. 2-3, 58-61.

### A. The January 2025 public records request (First Request)

{¶4} The first request was made on January 14, 2025, and submitted by fax to the Brecksville Mayor's Court Clerk. *Compl.*, p.1, 34-35. The request was titled a "Request for Complete Case File and Confirmation of Records Transferred to Garfield Heights Municipal Court." *Compl.*, p. 35, 37. It asked for,

> 1. A copy of the complete case file associated with my case [Brecksville Mayor's Court case no. 24TRD00912], including but not limited to all records, filings, and docket entries held by Brecksville Mayor's Court,. 2. Confirmation of what records were transferred to Garfield Heights Municipal Court as part of the case transfer. This request specifically includes but not limited to all motions and filings, such as the Emergency Combined Motion to Object to Transfer and to Clarify and Correct the Record, filed on January 8, 2025, as well as any other documents relevant to this matter.

*Compl.*, p. 35-36 (emphasis omitted).

{¶5} In the request letter, Requester notes that he "spoke with a Deputy Clerk from the Garfield Heights Clerk of Courts as part of a follow-up regarding access/copies to my case records." *Compl.*, p. 36. That conversation led to "additional concerns about the completeness of the case transfer and the availability of important case materials for my preparation." *Id*. Requester therefore made the request to "ensure access to all relevant records and to preserve procedural fairness." *Id*., p. 37. He also provided a copy of the request to the "Garfield Heights Clerk of Courts to ensure it is added to the record in Garfield Heights Municipal Court and to document my efforts to address the completeness of the case file." *Id*. He asked for "a prompt response, as access to these records is critical for preparing for my upcoming hearing on January 15, 2025." *Id*. Requester was heard on these issues by a magistrate in the Garfield Heights Municipal Court. *Brecksville v. McEachron*, Garfield Heights Mun. Ct. No. TRD2500061, Decision (Jan. 24, 2025).[2]

---

[2] A copy of this decision is attached to this report and recommendation at Appendix B.

{¶6} Requester alleges that he has received no response or records from the City on this request. *Compl.*, p. 1.

### B. The December 2025 public records request (Second Request)

{¶7} The second request was made on December 23, 2025 by email. *Compl.*, p. 1, 8. The request asked for "electronic copies of the following public records from City of Brecksville / Brecksville Mayor's Court in Case No. 24TRD00912" and listed 20 separate items. *Compl.*, p. 8-9. Requester alleges that he has received no records in response to that request. *Compl.*, p. 1.

{¶8} The City responded to the second request on December 29, 2025. *Compl.*, p. 7. The City notified Requester that any responsive records had already been provided to him, stating

> All records held by the Brecksville Mayor's Court were transferred to the Garfield Heights Municipal Court on January 8, 2025 and were docketed on the Garfield Heights Municipal Court website. Further, the City of Brecksville timely filed its Discovery Response and State's Motion for Discovery dated January 20, 2025, which was uploaded to the Garfield Heights Municipal Court Case Center portal in which you were given access to review. Redundant requests for records pertaining and resulting from the charge of Failure to Control on or about November 10, 2024 are unnecessary as you have been provided all records via discovery as well as your public access to the Garfield Heights Municipal Court docket.

*Compl.*, p. 9.

### C. Procedural history

{¶9} On Requester's motion, mediation was bypassed in this case. A schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Bypassing Mediation*, *entered Jan. 23, 2026*.

## II. Analysis

### A. Requester is not entitled to relief on his first request.

{¶10} Requester alleges that he has not received a response or records from the City on his first request. *Compl.*, p. 1. In the preliminary complaint sent to the City,

Requester made the same allegation and stated that the request had been pending for over 11 months. *Compl.*, p. 25-28.

{¶11} *Production claim*. The City argues that the first request was handled as a request for discovery under Criminal Rule 16. *Resp. Brief, filed Feb. 18, 2026*, p. 2. In the context of a criminal proceeding, a "public records request is the equivalent of a demand for discovery." *State ex rel. Caster v. City of Columbus*, 2016-Ohio-8394, ¶ 38.

{¶12} Given the context, the City's treatment of the first request as a discovery demand was a reasonable response. Requester submitted the request on January 14, 2025. *Compl.*, p. 34. Requester had an ongoing criminal case before the Garfield Heights Municipal Court. *See* Appendix A. Requester referenced that case in his request and predicated his need for records on the needs of that case. *Compl.*, p. 36-37. Requester was provided access to that discovery via a digital evidence portal on January 21, 2025. *See* Appendix A. That docket entry is consistent with the discovery response and other email correspondence filed by the City in this public records case. *Resp. Ev.*, p. 3-5; *Resp. Br.*, p. 10.

{¶13} The City filed its discovery response in the Garfield Heights traffic case with this court. *See Resp. Evidence, filed Feb. 4, 2026*, p. 3-92. The discovery response included the original traffic investigation, the transfer entry, internal case notes from the Brecksville Mayor's Court, case entries from the Garfield Heights Municipal Court, and Requester's correspondence to both courts. *Resp. Ev.*, p. 3-92. This response encompasses the material required by Criminal Rule 16(B). *See Resp. Ev.*, p. 1-2; 4-29. It also includes material responsive to the first request for "[a] copy of the complete case file associated with my case." *Compl.*, p. 35; *Resp. Ev.*, p. 32-92 (internal case notes, case entries, and correspondence). From my review of the documents provided to Requester, I conclude that this criminal discovery production includes records responsive to his first request and confirms that the City treated the first request as a criminal discovery demand.

{¶14} Requester is correct that he is not obligated to follow up with the City about a public records request. *Req. Reply, filed Mar. 2, 2026*, p. 4. Having answered the discovery request, however, the City had no further obligation under the Public Records Act to respond to the first request. I also note that the City had no indication that the

request was not satisfied from Requester's perspective. Some cooperation is envisioned by the Public Records Act. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 18; *see also State ex rel. Fluty v. Raiff*, 2023-Ohio-3285, ¶ 24.

{¶15} *Delay claim.* Requester argues that his first request has been pending, unanswered, since January 14, 2025. *Compl.*, p. 25-28. I disagree. As noted above, I find that the City reasonably treated the request as a criminal discovery demand. That demand was answered on January 21, 2025. *See* Appendix A. The City was not obligated by the Public Records Act to provide a further response to requester.

{¶16} *Summary*. I recommend that the court find that Requester is not entitled to relief on his first request. The City reasonably treated the request as a criminal discovery demand and answered it accordingly. The City had no further obligation under the Public Records Act to respond to the request.

### B. Second request

{¶17} Requester alleges that he has not received records from the City in response to his second request. *Compl.*, p. 1. The second request listed 20 separate items. *Compl.*, p. 8-9. Each request asked for a particular type of document from the Brecksville Mayor's Court traffic case "dated on or before January 7, 2025." *Id*.

{¶18} Requester received a response to this request. On December 29, 2025, the City informed Requester that "[a]ll records held by the Brecksville Mayor's Court were transferred to the Garfield Heights Municipal Court" and docketed on that court's public website. *Compl.*, p. 9. The City also reminded Requester that he received the City's discovery response in that case on January 20, 2025. *Id*. The City concluded by stating that "you have been provided all records via discovery as well as your public access to the Garfield Heights Municipal Court docket." *Id*.

{¶19} *Production.* In general, a public office is not obligated to respond to duplicative public records requests. *State ex rel. Adkins v. Dept. of Rehab. & Correction Legal Dept.*, 2024-Ohio-5154, ¶ 15; *see also State ex rel. Brown v. Village of N. Lewisburg*, 2013-Ohio-3841, ¶ 19-20 (2nd Dist.); *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 2009-Ohio-4090, ¶ 6. The City responded to the second request to state that Requester had already received any responsive records. *Compl.*, p. 9. While the second request did not use phrasing identical to the first

request, the second request sought case documents associated with the Brecksville Mayor's Court traffic case. The City informed Requester that these records had already been provided to him.

{¶20} Requester argues that he is entitled to a further response on his second request. First, Requester argues that he has not received a complete set of responsive records. *Req. Reply*, p. 7-8, 9-10. The City has responded that it has already provided all responsive records to him. Requester does not provide any evidence that further responsive records exist. *See Sell v. Trumbull Cty. Juv. Div.*, 2024-Ohio-6139, ¶ 6 (Ct. of Cl.) (noting "some evidence" of the existence of records may be sufficient). Second, Requester argues that the City was required to respond individually to each of his 20 requests. *Req. Reply*, p. 7. I do not find support for this argument. The response to each of the requests was, essentially, responsive records have already been provided.

{¶21} I recognize that the initial production of responsive records was made as a discovery production under Criminal Rule 16. Even if the City was required to reissue these records in response to the second request, those records have been provided during this litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22 (public-records claim mooted when records provided during litigation); *Kearns v. Boardman Twp. Police Dept.*, 2025-Ohio-475, ¶ 7 (same), adopted at Ct. of Cl. No. 2024-00776PQ (Mar. 19, 2025). There is no further relief that this court can order. I therefore recommend that the court find that Requester is not entitled to any further production of records in response to his second request.

{¶22} *Delay.* Requester did not raise a delay claim in his complaint. *Hastings v. Washington Court House Bldg./Zoning Dept.*, 2025-Ohio-1292, ¶ 7 (Ct. of Cl.) ("[T]he the only matters properly before the Court or Special Master are those identified in the body of the complaint.").

### C. Costs.

{¶23} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a

violation of the Public Records Act. Because I do not find a violation, I recommend that the court order the balance of costs assessed against Requester.

### III.    Conclusion

{¶24} Based on the above considerations, I recommend that the court:

1)  Enter judgment for respondent; and

2)  Order requester to bear the costs of this case.

{¶25} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
SARAH PIERCE
Special Master

**Filed March 10, 2026**
**Sent to S.C. Reporter 4/13/26**

## APPENDIX A



Garfield Heights Municipal Court

Virtual Court (https://virtualcourt. hmeclen.com) Docket (https://docket.ghmc.org/) Forms (https://ghmc.org/forms) E-Payment (https://docket.ghmc.org/payments.php) E-File (https://ghmc.org/e-filing)

Search

**Docket Entries TRD25000061**

*(The docket entry list is rendered in very small, low-resolution text and is largely illegible. The entries include dated filings such as EMAIL CORRESPONDENCE, NOTICE OF RELATED LITIGATION, NOTICE OF FILING, ADMINISTRATIVE NOTICES, PUBLIC RECORDS REQUESTS PURSUANT TO OHIO LAW R.C. 149.43, THREE DAY NOTICES TO JUDGE NICASTRO and MAYOR BURKE, EMERGENCY MOTIONS, MATERIAL RECORD INACCURACIES, ADA TITLE II requests, and related entries spanning dates from 2025 through 2026.)*

ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 175 TRANS NO 2500009159
  ORDER SETTING MATTER FOR MOTION HEARING

**06/13/2025**
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 170 TRANS NO 2500008818
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 171 TRANS NO 2500008818

**06/12/2025**
- EMERGENCY SUPPLEMENT TO MAY 7, 2025 EMERGENCY MOTION TO VACATE BENCH WARRANT
- (image attached) JUDGMENT ENTRY
- EMERGENCY MOTION TO CONTINUE JUNE 12, 2025 HEARING DUE TO MEDICAL EMERGENCY AND REQUEST FOR RULING ON PENDING MOTION

**05/21/2025**
- EXHIBIT

**05/08/2025**
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 166 TRANS NO 2500006846
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 167 TRANS NO 2500006862

**05/07/2025**
- NOTICE OF NON-DOCKETING AND DEMAND FOR ENTRY OF TIMELY-FILED FILINGS
- EMERGENCY MOTION TO VACATE BENCH WARRANT DUE TO DOCUMENTED MEDICAL INCAPACITATION
- EMERGENCY MOTION TO RESCIND BENCH WARRANT
- NOTICE OF FILING OF DEFENDANT'S MAY 7, 2025 MOTION TO VACATE BENCH WARRANT AND MAY 6, 2025 MOTION TO RESCIND BENCH WARRANT
- (image attached) ORDER SETTING MATTER FOR MOTION HEARING
- HEARING- 06/12/2025 AT 2:00 PM - MOTION HEARING
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 138 TRANS NO 2500006193
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 139 TRANS NO 2500006193
  ORDER SETTING MATTER FOR MOTION HEARING
- NOTICE OF FILING OF DEFENDANT'S MAY 7, 2025 MOTION TO VACATE BENCH WARRANT AND MAY 6, 2025 MOTION TO RESCIND BENCH WARRANT

**05/06/2025**
- EMERGENCY MOTION TO COMPEL DOCKETING AND SERVICE OF RULING ON DEFENDANT'S 03/03/2025 EMERGENCY MOTION TO CONTINUE TRIAL AND MOTION FOR REASONABLE MEDICAL ACCOMMODATION
- EMERGENCY MOTION TO RESCIND BENCH WARRANT

**03/25/2025**
- STATE SUBPOENA ISSUED TO WITNESS
- STATE SUBPOENA ISSUED TO WITNESS
- STATE SUBPOENA ISSUED TO WITNESS
- SUBPOENA FEE $18.00
- FAX CONFIRMATION
- FAX CONFIRMATION
- FAX CONFIRMATION

**03/24/2025**
- MOTION FOR JUDICIAL NOTICE OF PROCEDURAL FACTS REFLECTED IN THE COURT'S JOURNAL AND DOCKET
- (image attached) JUDGMENT ENTRY
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 119 TRANS NO 2500040090

**03/21/2025**
- EMERGENCY MOTION TO CLARIFY AND CORRECT THE RECORDS: DUE PROCESS VIOLATIONS AND AMBIGUOUS ORDER

**03/19/2025**
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- FAX CONFIRMATION
- FAX CONFIRMATION

**03/13/2025**
- EMERGENCY MOTION FOR CONTINUANCE
- EMERGENCY MOTION FOR CLARIFICATION AND PRESERVATION OF OBJECTIONS
- EMERGENCY MOTION FOR CONTINUANCE
- (image attached) JUDGMENT ENTRY
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 108 TRANS NO 2500035158
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 119 TRANS NO 2500035156

**03/12/2025**
- EMERGENCY MOTION FOR CLARIFICATION AND PRESERVATION OF OBJECTIONS

**03/04/2025**
- FAX CONFIRMATION

**03/03/2025**
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS
- SUBPOENA FEE $6.00

**02/28/2025**

---

- EMERGENCY MOTION TO VACATE BENCH WARRANT DUE TO DOCUMENTED MEDICAL INCAPACITATION

**05/05/2025**
- EMERGENCY MOTION TO CONTINUE TRIAL AND MOTION FOR REASONABLE MEDICAL ACCOMMODATION
- EMERGENCY MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
- (image attached) JUDGMENT ENTRY
- ORDER FORFEITING BOND AND TO ISSUE OF ARREST WARRANT
- CORRESPONDENCE
- WARRANT WAS ISSUED FOR DEFENDANT FOR FAIL TO APPEAR

**04/30/2025**
- STATE SUBPOENA ISSUED TO WITNESS
  SIGNED & FAXED
- STATE SUBPOENA ISSUED TO WITNESS
  SIGNED & FAXED
- SUBPOENA FEE $12.00
- FAX CONFIRMATION
- FAX CONFIRMATION

**04/28/2025**
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED

**04/14/2025**
- EMERGENCY MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION DUE TO ABSENCE OF CERTIFICATION REQUIRED BY R.C. 1901.032
- SUPPLEMENTAL BRIEF IN SUPPORT OF EMERGENCY MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER R.C.1905.032(B)(1)
- EMERGENCY MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION (MARCH 14-APRIL 21,2025) WITH JURISDICTIONAL DEFECT
- EMERGENCY MOTION TO VACATE MARCH 13, 2025 HEARING AND ORDER DUE TO STRUCTURAL DUE PROCESS VIOLATION, DENIAL OF COUNSEL, AND ONGOING CONSTITUTIONAL PREJUDICE
- EMERGENCY MOTION TO CLARIFY, CORRECT, AND STRIKE VOID OR AMBIGUOUS PORTIONS OF MARCH 13, 2025 ORDER
- (image attached) ORDER SETTING BENCH TRIAL
- HEARING- 05/01/2025 AT 2:00 PM - BENCH TRIAL
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 136 TRANS NO 2500007288
  ORDER SETTING BENCH TRIAL
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 137 TRANS NO 2500007288
  ORDER SETTING BENCH TRIAL

**04/13/2025**
- RETURN OF STATE SUBPOENA

---

- EMERGENCY MOTION TO VACATE 2.20.25 HEARING DUE TO UNREASONABLE NOTICE AND SUBSTANTIVE DUE TO PROCESS VIOLATIONS
- EMERGENCY MOTION FOR CONTINUANCE
- (image attached) ORDER SETTING MATTER FOR MOTION HEARING
- HEARING- 03/13/2025 AT 2:00 PM - MOTION HEARING
- (image attached) ORDER SETTING BENCH TRIAL
- HEARING- 03/13/2025 AT 2:00 PM - BENCH TRIAL
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 92 TRANS NO 2300021903
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 93 TRANS NO 2500025903
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 94 TRANS NO 2500025908
  ORDER SETTING BENCH TRIAL
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 95 TRANS NO 2500025908
  ORDER SETTING BENCH TRIAL
- (image attached) STATEMENT OF RIGHTS AND PLEA FORM
- (image attached) ORDER SETTING BENCH TRIAL
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 98 TRANS NO 2500021398
  ORDER SETTING BENCH TRIAL
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 99 TRANS NO 2500021398
  ORDER SETTING BENCH TRIAL

**02/19/2025**
- (image attached) ORDER SETTING MATTER FOR MOTION HEARING
- HEARING- 03/20/2025 AT 9:30 AM - MOTION HEARING
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 90 TRANS NO 2500023000
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 91 TRANS NO 2500023006
  ORDER SETTING MATTER FOR MOTION HEARING
- (image attached) ORDER SETTING MATTER FOR MOTION HEARING
- CHANGED- 02/20/2025 AT 9:30 AM - MOTION HEARING
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 84 TRANS NO 2500023198
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 85 TRANS NO 2500023198
  ORDER SETTING MATTER FOR MOTION HEARING

**02/14/2025**

- STATUS NOTICE REGARDING PENDING EMERGENCY MOTION FOR CONTINUANCE

**02/13/2025**
- EMERGENCY MOTION TO STAY DUE TO PROCEDURAL DEFICIENCIES AND TO CLARIFY PROCEDURAL POSTURE, OBJECT TO PREMATURE COMMENCEMENT OF TRIAL
- EMERGENCY MOTION FOR CONTINUANCE OF TRIAL DATE DUE TO UNRESOLVED DISPOSITIVE MOTIONS AND TO PRESERVE DUE PROCESS RIGHTS
- DEFENDANT'S PRETRIAL OBJECTIONS, NOTICE OF PRESERVATION OF RIGHTS AND MOTION TO DISMISS
- DEFENDANT'S MOTION REQUESTING FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ALL RULINGS
- REQUEST FOR CLARIFICATION REGARDING TRIAL STATUS AND PENDING MOTION TO STAY AND STATUS OF DISPOSITIVE MOTIONS REQUIRING WRITTEN RULINGS
- EMERGENCY MOTION FOR CONTINUANCE
- SUPPLEMENTAL NOTICE REGARDING EMERGENCY MOTION FOR CONTINUANCE
- NOTICE OF FILING SUPPLEMENTAL SUPPORTING DOCUMENTATION

**01/13/2025**
- MOTION FOR JUDICIAL NOTICE OF ABSENT COURT ORDERS
- DEFENDANT'S EMERGENCY OBJECTION & MOTION FOR CLARIFICATION
- EMERGENCY MOTION TO VACATE TRIAL DATE AND DISMISS CASE DUE TO UNRESOLVED DISPOSITIVE MOTIONS AND SUBSTANTIAL DUE PROCESS VIOLATIONS

**02/11/2025**
- DEFENDANT'S MOTION FOR JUDICIAL NOTICE OF ABSENCE OF DOCUMENTATION IN THE COURT RECORD
- DEFENDANT'S MOTION TO DISMISS PURSUANT TO R.C 2945.72(B) FOR SPEEDY TRIAL VIOLATION DUE TO THE CITY OF BRECKSVILLE'S FAILURE TO DOCUMENT ANY TOLLING EVENT IN THE OFFICIAL COURT RECORD
- DEFENDANT'S MOTION TO DISMISS PURSUANT TO R.C 2943.71(A/B) FOR SPEEDY TRIAL VIOLATION 11/25/24-12/04/24 &

**02/10/2025**
- DEFENDANT'S MOTION FOR JUDICIAL NOTICE AND CLARIFICATION OF THE RECORD
- DEFENDANT'S MOTION TO COMPEL PRODUCTION OF COMPLETE TRANSFERRED RECORDS

**02/07/2025**
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- DEFENDANT'S OBJECTION TO THE MAGISTRATE'S JANUARY 24, 2025 DECISION AND REQUEST FOR DE NOVO REVIEW
- STATE SUBPOENA ISSUED TO WITNESS
- SUBPOENA FEE $6.00

- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 23 TRANS NO 2500007280
  ORDER SETTING BENCH TRIAL
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 24 TRANS NO 2500007287
  ORDER
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 24 TRANS NO 2500007287
  ORDER
- MOTION TO ADDRESS PROCEDURAL DEFICIENCIES
- (image attached) ORDER SETTING MATTER FOR MOTION HEARING
- HEARING- 01/23/2025 AT 9:00 AM - MOTION HEARING
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 28 TRANS NO 2500007810
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 28 TRANS NO 2500007810
  ORDER SETTING MATTER FOR MOTION HEARING
- (image attached) STATEMENT OF RIGHTS AND PLEA FORM
- IDENTIFICATION INFORMATION FORM

**01/14/2025**
- REFILED MOTION TO OBJECT TO TRANSFER AND TO CLARIFY AND CORRECT THE RECORD
- NOTICE OF REQUEST
- REFILED EMERGENCY COMBINED MOTION TO OBJECT TO TRANSFER AND TO CLARIFY AND CORRECT THE RECORD
- CORRESPONDENCE

**01/13/2025**
- CORRESPONDENCE

**01/09/2025**
- (image attached) CORRESPONDENCE

**01/08/2025**
- CASE WAS FILED WITH COURT
- HEARING- 01/15/2025 AT 8:30 AM - ARRAIGNMENT
- UNIFORM TRAFFIC CITATION
- TRANSFER FROM MAYOR'S COURT
- PERSONAL IDENTIFIER FORM
- TRAFFIC ACCIDENT REPORT
- LEADS PRINTOUT
- MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS
- (image attached) BOND - RECEIPT NO. 2500107 IN THE AMOUNT OF $ 734.00
- BOND PAYMENT ERROR OF $ 734.00

- (image attached) ORDER SETTING MATTER FOR MOTION HEARING
- HEARING- 02/13/2025 AT 2:00 PM - MOTION HEARING
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 58 TRANS NO 2500048310
  ORDER SETTING MATTER FOR MOTION HEARING
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: CASE TRD2500061 _ 59 TRANS NO 2500048310
  ORDER SETTING MATTER FOR MOTION HEARING
- FAX CONFIRMATION

**02/06/2025**
- FAX CONFIRMATION
- FAX CONFIRMATION
- FAX CONFIRMATION
- MOTION FOR RULING ON PENDING MOTIONS AND REQUEST FOR EXPEDITED CONSIDERATION
- NOTICE OF REQUEST
- DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF STATUTORY SPEEDY TRIAL RIGHTS

**02/05/2025**
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS
- SUBPOENA FEE $12.80
- STATE SUBPOENA ISSUED TO WITNESS SUBMITTED
- STATE SUBPOENA ISSUED TO WITNESS
- SUBPOENA FEE $6.00

**01/24/2025**
- (image attached) MAGISTRATE'S DECISION
- E-MAILED TO SABOL, LISA
  RE: RE: CASE TRD2500061 _ 36 TRANS NO 2500012104
- E-MAILED TO MCEACHRON, ORVILLE M
  RE: RE: CASE TRD2500061 _ 37 TRANS NO 2500012104

**01/23/2025**
- DIGITAL EVIDENCE PORTAL (CASECENTER) OPENED
- (image attached) PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**01/15/2025**
- (image attached) ORDER SETTING BENCH TRIAL
- HEARING- 02/13/2025 AT 2:00 PM - BENCH TRIAL
- (image attached) ORDER
- E-MAILED TO SABOL, LISA
  RE: CASE TRD2500061 _ 23 TRANS NO 2500007280
  ORDER SETTING BENCH TRIAL

APPENDIX B

Electronically filed - Garfield Heights Municipal Court
ALEXANDER F. GRGAT, Clerk of Court - Jan 24, 2025  09:30:38 AM

# GARFIELD HEIGHTS MUNICIPAL COURT
Cuyahoga County, Ohio

| | |
|---|---|
| Brecksville ) | |
| ) | |
| Plaintiff ) | Case No.:   TRD 2500061 |
| -vs- ) | |
| ) | |
| Mceachron, Orville M ) | |
| 7421 Demshar Dr ) | Magistrate's Decision |
| Mentor, OH   44060 ) | |
| ) | |
| Defendant ) | |

This matter came before this Court on the Defendant's Motion to Dismiss and Motion to Address Procedural Deficiencies. All parties were present in Court including the Brecksville Clerk of Courts

The Defendant alleges that this matter should be dismissed on the grounds that his speedy trial rights have been violated. The Defendant was issued a citation in this case on November 14, 2024. Defendant was ordered to appear in Brecksville Mayor's Court on December 5, 2024. By the Defendant's own admission, he failed to appear on that date. Defendant was given another court date of December 12, 2024 and the Defendant failed to appear on that date as well. The Court finds that the Defendant's own actions tolled the speedy trial time in this case and his motion is not well taken and is denied.

The Defendant's Motion to Address Procedural Deficiencies alleges that the Mayor's Court failed to transfer the entire Mayor's Court record to this Court. The Defendant objected to the Clerk of Courts testifying on this matter. The Court listened to the arguments of both parties and reviewed the information that was contained on this Court's docket. Based on the evidence before this Court, the Court finds that the Defendant's motion is not well taken and is denied.

This matter remains set for Bench Trial on February 13, 2025 at 2:00 P.M.

A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law contained in this decision unless the party timely and specifically objects to that finding or conclusion.  Criminal Rule 19 and/or Traffic Rule 14.

Dated: 01/24/2025

Magistrate Jeffrey R. Short

M_E_BlankDecis.rtf (03/25/2019) B312